Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

_____ Division

COUNSEL/PARTIES OF RECORD

DEC - 7 2023

CLERK DISTRICT COURT
DISTRICT OF NEVADA

Michael C. Sternberg, E.W, N.W

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

_____

_Plaintiff(s)_
_(Write the full name of each plaintiff who is filing this complaint._
_If the names of all the plaintiffs cannot fit in the space above,_
_please write "see attached" in the space and attach an additional_
_page with the full list of names.)_

-v-

**See attached.**

_____

_Defendant(s)_
_(Write the full name of each defendant who is being sued. If the_
_names of all the defendants cannot fit in the space above, please_
_write "see attached" in the space and attach an additional page_
_with the full list of names. Do not include addresses here.)_

Case No. _____

_(to be filled in by the Clerk's Office)_

Jury Trial: _(check one)_ ☐ Yes ☑ No

## 2:23-cv-02022-GMN-BNW

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Michael C. Sternberg, E.W. and N.W. |
| Address | 8545 W Warm Springs Rd Ste A4 #256 |

| Las Vegas | NV | 89113 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Clark |
| Telephone Number | 702-234-2539 |
| E-Mail Address | sternberg_michael@yahoo.com |

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Shelley Warneck |
| Job or Title *(if known)* | |
| Address | 19656 Braemar Drive |

| Saratoga | CA | 95070 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Santa Clara |
| Telephone Number | 408-508-0880 |
| E-Mail Address *(if known)* | swarneck@aol.com |

[✓] Individual capacity        [ ] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Tristan Aeschleman |
| Job or Title *(if known)* | Lawyer |
| Address | 1550 The Alameda Ste 308 |

| San Jose | CA | 95126 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Santa Clara |
| Telephone Number | 650-995-5095 |
| E-Mail Address *(if known)* | tristan@adamesashllp.com |

[✓] Individual capacity        [ ] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Cindy Hendrickson |
| Job or Title *(if known)* | Judge |
| Address | 191 N. First Street |
| | San Jose    CA    95113 |
| | *City*    *State*    *Zip Code* |
| County | Santa Clara |
| Telephone Number | 408-534-5620 |
| E-Mail Address *(if known)* | department65@scscourt.org |

☐ Individual capacity    ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Brooke Blecher |
| Job or Title *(if known)* | Judge |
| Address | 191 N. First Street |
| | San Jose    CA    95113 |
| | *City*    *State*    *Zip Code* |
| County | Santa Clara |
| Telephone Number | (408) 534-5660 |
| E-Mail Address *(if known)* | department72@scscourt.org |

☐ Individual capacity    ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

United States Constitution, 14th Amendment right to the care, custody, and control of my children and to due process.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

N/A

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See attached Statement of Facts and Claims

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

See attached Statement of Facts and Claims

B.    What date and approximate time did the events giving rise to your claim(s) occur?

See attached Statement of Facts and Claims

C.    What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

See attached Statement of Facts and Claims

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

As a direct and proximate result of the actions of the California state judicial officers, and those who conspired with them, as alleged in the attached Statement of Facts and Claims, I have been denied my constitutional right to due process and to the care, custody, and control of children for four years. The defendant judicial officers have made it clear, that they will continue to violate my constitutional rights until and unless a superior authority makes them stop.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I am seeking a declaratory judgment pursuant to 28 USC 2201 and 42 USC 1983, declaring the following:
1) That I have a constitutional, fundamental right, to the care, custody, and control of my children.
2) Certain orders of defendant judicial officers void for lack of jurisdiction and for lack of due process.
3) That Shelley Warneck relocated my children from Nevada without prior approval of a court and without my consent, and that she had no legal presumptive right to do so.
4) That the pattern and practice of the California Judiciary in denying litigants of parentage cases remote access to their court files violates the 14th Amendment due process and equal protection clauses.
5) That the pattern and practice of the California Judiciary in refusing to allow litigants to record their hearings under threat of criminal prosecution while also refusing to supply court reporters or its own recording systems violates the 14th Amendment due process and equal protection clauses.
6) That the pattern and practice of California family judges refusing to issue a statement of decision violates the 14th Amendment due process and equal protection clauses.
7) That the pattern and practice of California judges striking their own disqualifications based on opposition to facts alleged in a statement to disqualify, violates the 14th Amendment due process and equal protection clauses.
8) That the pattern and practice of the California judiciary of refusing to waive fees, and refusing to explain why to a litigant, violates the 14th Amendment due process and equal protection clauses.
9) That several California attorneys violated the Rules of Professional conduct & conspired to deny my rights.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:              12/6/23

Signature of Plaintiff

Printed Name of Plaintiff      Michael C. Sternberg

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

                                   City                State        Zip Code

Telephone Number

E-mail Address

Print    Save As...    Add Attachment    Reset

DEFENDANT LIST ATTACHMENT TO PRO SE 1983 COMPLAINT

1. Shelley Warneck

2. Tristan Aeschleman

3. Cindy Hendrickson (official capacity)

4. Brooke Blecher (official capacity)

5. Roberta Hayashi (official capacity)

6. Thomas Kuhnle (official capacity)

7. Presiding Judge Beth McGowan and the Santa Clara County Superior Court (en banc)
   — official capacities

8. Presiding Justice Mary Greenwood and the 6th California District Court of Appeals (en banc)
   — official capacities

9. Chief Justice Patricia Guerrero and the California Supreme Court (en banc)
   — official capacities

10. Michelle Brenot

11. Magdalena Chattopadhya

12. Gina Policastri

13. Does 1-100

- 1 -

DEFENDANT LIST W/ ADDRESS ATTACHMENT TO PRO SE 1983 COMPLAINT

1. Thomas Kuhnle, 191 N First Street, San Jose, CA 95113, (408) 534-5610, department73@scscourt.org

2. Roberta Hayahi, 191 N First Street, San Jose, CA 95113, (408) 695-5070, department105@scscourt.org

3. Beth McGowan & Santa Clara Superior Court 191 N First Street, San Jose, CA 95113, 408-882-2700

4. Mary Greenwood and the California Sixth District Court of Appeals, 333 West Santa Clara Street Suite 1060, San Jose, CA 95113, (408) 277-1004, sixth.District@jud.ca.gov

5. Patricia Guerrero and the California Supreme Court, 350 McAllister Street, San Francisco, CA 94102, 415-865-7000

6. Michelle Brenot, 465 N 4th Street, San Jose, CA 95112, (408) 891-9622, michellebrenot@gmail.com

7. Gina Policastri, 1871 The Alameda Ste 400, San Jose, CA 95126, (408) 553-0801, gpolicastri@lpeplaw.com

8. Magdalena Chattopadhya, 300 S 1st Street Ste 228, San Jose, CA 95113, (408) 201-4468, magdalena@magdalena-law.com

- 1 -

III. STATEMENT OF CLAIM FACTS ATTACHMENT TO PRO SE 1983 COMPLAINT

**GENERAL FACTS RELATED TO ALL CLAIMS:**

**The pronoun "I" refers to Plaintiff Michael C. Sternberg in the below facts.**

1. E.W. was born in Las Vegas, NV in 2009.
2. N.W. was born in San Jose, CA in 2010.
3. I am the natural father of E.W. and N.W. I am listed as the father on their birth certificates.
4. Shelley Warneck is the natural mother of E.W. and N.W. She is listed as the mother on their birth certificates.
5. Shelley Warneck and I moved to San Jose, CA shortly after E.W.'s birth and resided their together.
6. On 7/10/12, Shelley Warneck and I agreed, with the help of an LFMT, that we would end our intimate relationship and that I would move out of the family home.
7. On 7/13/12, Shelley Warneck surreptitiously filed a family court action in Santa Clara County Superior Court, Case No. 2012-1-CP-020194.
8. After filing the family court action, Shelley Warneck violated our private agreements and withheld E.W. and N.W. from me.
9. On 7/23/12, I retained Michelle Brenot to represent me in the family court action.
10. On 8/3/12, I filed an ex parte emergency motion asking the Santa Clara court to enforce our agreement.
11. On 8/14/12, Shelley Warneck and I attended the hearing on my ex parte motion. I stipulated in open court that I was the father of E.W. and N.W. and to temporary joint legal custody. The court issued temporary visitation orders.
12. On 8/28/12, the Santa Clara County Family Court filed a Finding and Order After Hearing, which accurately reflected the court's orders at that hearing.
13. On 8/28/12, I signed: 1) "Stipulation for Entry of Judgement RE: Establishment of Parental Relationship," 2) "Advisement and Waiver of Rights RE: Establishment of Parental Relationship," and 3) "Appearance, Stipulation, and Waivers." All other issues were reserved pending litigation. The three forms I reviewed and signed were then transmitted to Warneck's attorney.
14. In 09/2012, Shelley Warneck and I discussed dismissing the action in favor of operating by private agreement.
15. In 10/2012, Shelley Warneck and I agreed to dismiss the family law action by executing a request for dismissal.
16. From about 10/2012 to 01/2013, Shelley Warneck and I tried unsuccessfully to get answers from our attorneys as to the status of our dismissal.
17. On 10/4/12, a so-called "stipulated judgement" that I did not stipulate to was entered in the court with no notice to me and without my consent. Attached to it was an FL-341 temporary custody order that I never agreed to, that was not presented to me, and was not included with the paperwork I did sign. The filed judgment is for joint legal and joint physical custody. It does not give either party the presumptive right to relocate the children without the other parent's consent.
18. In 01/2013, we were advised that the Request for Dismissal had been lost. We executed a new Request for Dismissal.

III. STATEMENT OF CLAIM FACTS ATTACHMENT TO PRO SE 1983 COMPLAINT

19. From 01/2013 to 07/2019, Shelley Warneck and I co-parented as if the case was properly dismissed. I believed the case was dismissed.

20. In 08/2018, Shelley Warneck and I agreed that the children would permanently reside in Las Vegas, NV.

21. In 08/2018, Shelley Warneck and I agreed that I would be the primary parent until she returned from inpatient rehabilitation after a DUI, and after conclusion of her criminal DUI case in El Dorado County, CA.

22. In 08/2018, Shelley Warneck and I agreed that once her rehabilitation and DUI criminal case obligations were concluded, she would move permanently to Las Vegas, NV, and we would return to a more equal and scheduled custody arrangement.

23. In approximately 11/2018, Shelley Warneck reached a plea agreement with the El Dorado County, CA District Attorney regarding her DUI criminal case.

24. Shortly after executing her plea agreement, Shelley Warneck began plotting to relocate the children from Las Vegas, NV back to California without my consent and without warning to me.

25. From approximately 11/2018, Shelley Warneck met with various California family law attorneys and did not tell me.

26. On 1/30/2019, Derek Austin filed a Substitution of Attorney into the Santa Clara County family law case that Shelley Warneck and I had agreed to dismiss in 2012.

27. On 2/1/2019, Derek Austin filed another Substitution of Attorney removing himself from the case.

28. Derek Austin served by mail the 1/30/2019 and the 2/1/2019 Substitution of Attorney forms to an address that Shelley Warneck knew was not mine.

29. Shelley Warneck consulted with Santa Clara County, CA family lawyer Tristan Aeschleman in 03/2019, and did not tell me.

30. In 05/2019, Shelley Warneck and I agreed to a summer visitation schedule.

31. In 05/2019, Shelley Warneck and I agreed she could remove E.W. and N.W. from Las Vegas, NV to spend specific time periods with her and their grandparents in California and Hawaii.

32. In 05/2019, Shelley Warneck did not disclose to me that she had discovered that the 2012 parentage case was not properly dismissed.

33. In 05/2019, Shelley Warneck did not disclose to me that she had plans to withhold the E.W. and N.W. in California.

34. In 05/2019, Shelley Warneck and I agreed she was to return E.W. and N.W. to Las Vegas, NV on 7/7/19.

35. On 7/1/19, Shelley Warneck filed a motion in the Santa Clara County, CA family court and did not tell me. She did not serve it on me in 2019.

36. On 7/7/19, Shelley Warneck did not return the children to Las Vegas, NV.

37. On 7/7/19, I got an email from California attorney Tristan Aeschleman claiming to represent her. He informed me that he was aware of our agreements, but that he and Shelley Warneck would not return my children unless I modified the agreements or until a court ordered them to do so. He advised me that they were resurrecting the Santa Clara County, CA case.

38. Tristan Aeschleman did not substitute into the Santa Clara County, CA case prior to emailing me.

39. Tristan Aeschleman did not obtain the Santa Clara court record prior to emailing me.

III. STATEMENT OF CLAIM FACTS ATTACHMENT TO PRO SE 1983 COMPLAINT

40. Shelley Warneck withheld E.W. and N.W. in El Dorado County, CA and Santa Clara County, CA after Tristan Aeschleman's 7/7/19 email.

41. On 7/10/19, I filed a child custody case in Clark County, NV. I asked for an order shortening time and an emergency pick up order.

42. On 7/22/19, Shelley Warneck filed another motion in the Santa Clara County, CA family court, and did not tell me. She did not serve it on me in 2019.

43. On 7/30/19, Shelley Warneck filed an answer to the Clark County, NV custody case.

44. On 7/30/19, Tristan Aeschleman executed a Request to Continue Hearing in the Santa Clara, CA court for his motion filed on 7/1/19. He did not disclose to the court that Shelley Warneck had been served a child custody lawsuit in Nevada.

45. On 7/31/19, we had a hearing in the Clark County, NV case.

46. On 7/31/19, Shelley Warneck admitted to having an apartment in Henderson, NV

47. On 7/31/19, Shelley Warneck admitted to having registered to vote in Henderson, NV.

48. On 7/31/19, Shelley Warneck admitted she entered into the summertime visitation agreement with me under false pretenses in order to get me to agree to allow her to remove the children from Nevada.

49. Shelley Warneck defended the Clark County, NV custody case by arguing that California had exclusive continuing jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act. She claimed to have never given up California residency.

50. The Nevada voter registration form that Shelley Warneck admitted to signing under penalty of perjury contains the following certification: "The residential address listed herein is my sole legal place of residence and I claim no other place as my legal residence."

51. On 7/31/19, Clark County, NV Judge Forseburg decided to hold a jurisdictional conference with the Santa Clara County, CA court.

52. On 8/6/19, Tristan Aeschleman filed a sworn declaration in the Santa Clara County, CA court, which he did not serve on me.

53. On 8/7/19, there were no noticed motions in the California case. I had not been served with anything filed in that case in 2019.

54. On 8/7/19, at the jurisdictional conference, Michelle Brenot announced on the record that she was specially appearing on my behalf. She did so without my consent. I had no contract with her. I had asked her to appear solely as a witness to tell the California judge that there was an agreement to dismiss the California case in 2012.

55. On 8/7/19, Judge Roberta Hayashi of the Santa Clara County Superior Court started the jurisdictional conference by admitting to having read ex parte declarations sent to her by Tristan Aeschleman and Shelley Warneck just before the conference. These documents were never served on me.

56. On 8/7/19, Judge Roberta Hayashi aggressively advocated for Shelley Warneck for the entire conference based on the those ex parte declarations.

57. On 8/7/19, when my Las Vegas lawyer objected to the lack of notice of the ex parte declarations and asked for a chance to file a response, Judge Hayashi refused.

58. On 8/8/19, I hired California family lawyer Magdalena Chattopadhya for the explicit purpose of challenging the jurisdiction of the Santa Clara County, CA court under the three legal theories within the Uniform Child Custody Jurisdiction and Enforcement Act.

III. STATEMENT OF CLAIM FACTS ATTACHMENT TO PRO SE 1983 COMPLAINT

59. On 8/21/19, Tristan Aeschleman initiated another ex parte communication with Judge Hayashi by sending her a proposed Finding and Order After Hearing (FOAH) for signature. This was for the 8/7/19 jurisdictional conference. The proposal was for a a hearing in which I was explicitly denied notice and opportunity to be heard and for which the California court had no personal jurisdiction over me. In his letter to Hayashi, Aeschleman claims he was ordered by the court to draft the FOAH. There is a video of this hearing produced by the Nevada court, and there was a California court reporter in the California court. In neither case is there a record of this illegal order. However, a minute order in the CA court for the 8/7/19 jurisdictional conference evidences this ex parte communication.

60. On 8/28/19, Magdalena Chattopadhya was refusing to address Aeschleman's proposed order sent to Hayashi ex parte or to announce that she was representing me, so I sent Aeschleman an email asking him to rescind the proposed order.

61. On 8/29/19, Aeschleman executed another Request to Continue Hearing for his motions filed 7/1/19 and 7/22/19. He checked box 5d "Other good cause as stated," and then went into a lengthy paragraph about his inability to serve me. He did not disclose to the California court in his request that I had been standing next to Shelley Warneck's Nevada attorney in the Nevada court on 7/31/19 and 8/7/19, and that he had substantial notice that I would be there.

62. On 9/6/19, Chattopadhya finally substituted into the case on my behalf.

63. On 9/10/19, Chattopadhya sent Aeschleman an email asking if he had rescinded the jurisdictional FOAH he had sent ex parte to Hayashi on 8/21/19.

64. On 9/11/19, Chattopadhya sent Aeschleman a follow up email asking if he had rescinded the jurisdictional FOAH he had sent ex parte to Hayashi on 8/21/19.

65. On 9/11/19, my motion to cede jurisdiction was filed with the Santa Clara, CA family court. Judge Hayashi issued an order shortening time.

66. The 9/18/19, we had the hearing on my motion. Hayashi described Aeschleman's inability to serve me as "ludicrous."

67. In the beginning of the hearing on 9/18/19, Hayashi stated, "*I've already made decisions that the California court is not going to cede jurisdiction. I will transfer the case to El Dorado county, because that's where the children are currently located.*" As noted above, these "decisions" were made without notice to me and without opportunity for me to be heard.

68. On 9/18/19, Shelley Warneck admitted in open court that she entered into an agreement with me under false pretenses knowing that I would not have allowed the children out of Nevada without the agreement. She admitted that she did not disclose to me her intent to resurrect the California case and to file motions in that court.

69. On 9/18/19, towards the end of the hearing, Hayashi conceded that she needed to entertain ceding jurisdiction to Las Vegas, NV, and "*it may well be that on the recommendation of the brief focused assessment if the recommendation is that the best interest of the children be that they return to Las Vegas that it would then make sense for me to cede jurisdiction of this matter back to Las Vegas, because that's where the children are located.*"

70. On 9/18/19, Chattopadhya asked Hayashi, "*And then all other issues reserved. The request for change of venue is reserved for now.*"

- 4 -

### III. STATEMENT OF CLAIM FACTS ATTACHMENT TO PRO SE 1983 COMPLAINT

71. On 9/18/19, Hayashi responded to Chattopadhya, "*Well, I've indicated to you what I intend to do with regard to venue; and that is, to find out what the recommendation is from the brief focused assessment as to where the children should be whether it's in Las Vegas or in El Dorado County.*"

72. On 9/18/19, Hayashi further elaborated to Aeschleman, "*…my tentative is going to be that if the brief focused assessment recommends that the children be in El Dorado county then I will transfer venue to El Dorado County. If the brief focused assessment is that it's in the best interest of the children to be in Las Vegas then I will transfer — I will cede jurisdiction back to the Las Vegas court…*"

73. Based on Hayashi's representations, I mediated in good faith, and a Request and Order Regarding Partial Mediated Agreement was entered on 9/19/19 with the court's notation, "*This is a temporary order pending further order of the court following a brief focused assessment.*"

74. On 9/27/19, Hayashi inexplicably signed the void and illegal FOAH Aeschleman sent to her ex parte on 8/21/19. It was filed on 10/1/19.

75. On 10/30/19, I sent Chattopadhya into court with a stipulation for Tim Rood to do the Brief Focused Assessment. The transcript shows that Hayashi, Chattopadhya, and Aeschleman conspired to change the track of this case from a brief focused assessment and a jurisdictional analysis to a full blow custody evaluation **without notice to me as a party to this case and without my consent.**

76. On 10/30/19, Hayashi, Chattopadhya, and Aeschleman altered my agreement for Tim Rood to do the Brief Focused Assessment **without notice to me and without my consent**.

77. On 12/10/19, Aeschleman stated in open court, "*The other issue of concern is that the mediated agreement said that this was going to be a temporary order pending further court order following a brief focused assessment.*"

78. On 12/10/19, Hayashi admitted she did not anticipate this process to go past January, but then declined to return the children to Las Vegas or to issue temporary orders protecting my access to my children. Hayashi invited me to file an ex parte request for emergency orders.

79. On 12/10/19, there was a bizarre conversation between Hayashi, Aeschleman, and Chattopadhya that somehow wound up with trial dates being set for 7/1/19 and 7/2/19 on unclear issues.

80. On 1/15/20, I signed a stipulation under duress as to visitation with my children. The stipulation outlines visitation dates "pending the Custody Settlement Conference in March 11, 2020." The document states that I am specially appearing.

81. On 1/22/20, Judge Hendrickson signed a FOAH for a hearing on 1/7/20 that was heard by Hayashi. The FOAH states on its face that I am specially appearing.

82. On 2/14/20, I filed a motion for attorney fees and sanctions.

83. On 3/11/20, the custody settlement conference (CSC) was continued to 5/13/20. At some point the CSC was continued to June.

84. On 3/23/20, I fired Chattopadhya, and hired Gina Policastri.

85. From 3/20/20 thru 6/24/20 and beyond, the COVID pandemic put California on severe lockdown causing numerous delays in the court.

86. On 4/11/20, Tim Rood issued his final report concluding that the children should be returned to Las Vegas.

III. STATEMENT OF CLAIM FACTS ATTACHMENT TO PRO SE 1983 COMPLAINT

87. On 5/8/20, Tim Rood sent an ex parte letter to Judge Hendrickson proclaiming urgent concern for the children given the uncertainty of a custody settlement conference and trial actually occurring due to pandemic court closures. He quotes several statements by E.W. and N.W. that exist nowhere in his complete file.

88. At some point prior to the hearing on 6/24/20, Aeschleman filed a motion to quash subpoenas Policastri had issued. The court set the hearing date for after the 7/1/20 and 7/2/20 trial dates.

89. Because I did not have needed discovery, the trial issues were unclear, I had no experts, and it wasn't certain I was even going to get a trial during the pandemic, I signed a conditional stipulation to continue the trial in order to protect my access to my children.

90. On 6/24/20, I sent Policastri into a hearing with Hendrickson without me, but with the stipulation.

91. On 6/24/20, Hendrickson went into a lengthy soliloquy based purely on speculation about how Warneck and I succeeded in reaching custody arrangements during this court process in the best interests of the children. Hendrickson portrayed herself as completely oblivious to the fact that she and Hayashi had participated in the felony abduction of my children, repeatedly violated my due process rights, repeatedly changed my agreements without my consent, and repeatedly refused to issue orders protecting my access to my abducted children.

92. On 6/24/20, Hendrickson went into a lengthy soliloquy based on the heresy letter from Rood dated 5/8/20 about her concern for my children.

93. On 6/24/20, Hendrickson ambushed the attorneys by stating if they did not go forward with trial, she would seize my children for another entire school year.

94. On 6/24/20, Hendrickson stated, "*So I guess it's up to father to decide whether he wants to withdraw his request for the continuance or not,*" despite knowing that I was not present for this hearing.

95. On 6/24/20, Hendrickson, Policastri, and Aeschleman conspired to alter my stipulation to continue the trial **without notice to me and without my consent.**

96. On 6/24/20, Policastri lied to me about the nature of the hearing, and that she had objected to the alteration of my stipulation.

97. On 7/23/20, I fired Policastri.

98. On 8/17/20, while representing myself, I filed my emergency ex parte motion asking for my abducted children to be returned to Las Vegas and reminding the court that I had challenged jurisdiction pursuant to the UCCJEA. I detailed numerous due process violations and the void orders that had been issued as a result of them.

99. On 8/20/20, Hendrickson denied the motion stating, "*Father's objections to 2019 court rulings will not be entertained in the trial court.*"

100. To me, this was a very clear signal that Hendrickson **would refuse to ensure my rights.**

101. On 8/20/20, Hendrickson denied the motion falsely stating, "*The referenced 2020 order was agreed to by the parties as a condition to the Court's granting of their mutual request to continue the custody and visitation trial in this matter,*" knowing full well I was not present at that hearing to agree to anything.

102. On 9/13/20, I finally acquired a transcript of the 6/24/20 hearing. Santa Clara, CA court staff intentionally made it difficult for me to track down the reporter.

- 6 -

III. STATEMENT OF CLAIM FACTS ATTACHMENT TO PRO SE 1983 COMPLAINT

103. On 11/20/20, I filed a Petition for Writ of Mandamus asking the California 6th District Court of Appeals to order Hendrickson to vacate void orders and to rule on my jurisdictional challenge.

104. On 12/2/20, there was a status conference in this case. I was given no advance warning that there would not be a court reporter present. Prior to this conference, there had always been a court supplied reporter present.

105. On 12/2/20, Hendrickson proclaimed (referring to my pending 8/20/20 motion and Petition for Writ of Mandamus) that she looked into the history of this case and it was never a move-away case.

106. On 12/8/20, I executed Standing Objections to due process violations and a notice of recession of agreements and stipulation which I made under duress after my children had been abducted.

107. On 12/15/20, I executed and filed written objections to the 12/2/20 status conference regarding Hendrickson's assertion about the nature and history of this case, which were clearly contradicted by the self-authenticating record.

108. On 12/29/20, the 6th District Court of Appeals summarily denied my Petition for Writ of Mandamus without explanation.

109. On 1/11/21, we had a hearing on my motion for contempt against Warneck for visitation violations outlined in the 2012 judgement that both Warneck and the court claimed had been in "full force and effect" pursuant to the void jurisdictional FOAH filed on 10/1/19.

110. Just prior to the 1/11/21 contempt hearing, Aeschleman prepared a declaration in opposition to the contempt, which he filed and delivered ex parte to Hendrickson without ever having served me.

111. At the hearing on 1/11/21, Hendrickson went into a long bizarre line of questioning about the best interests of the children, which is not an element of contempt.

112. On 1/11/21, Hendrickson dismissed the contempt action on her own motion.

113. On 1/11/21, I raised with Hendrickson my inability to access my own court file. Hendrickson refused to listen to my concern and forcefully ended the hearing.

114. On 2/1/21, we had a hearing on my motion to vacate void orders, to cede jurisdiction, and to return custody of my abducted children back to me in Las Vegas.

115. On 2/1/21, I requested a Statement of Decision as required by law. Hendrickson refused.

116. On 2/1/21, Hendrickson went on a bizarre tirade about the number of pages in my filings, which comported with the California Rules of Court.

117. On 2/1/21, Hendrickson stated that she had read my moving papers, but then suddenly announced during her tirade that she had not read them all. She then refused to allow me to supplement my argument.

118. On 2/1/21, Hendrickson denied my motion to vacate void orders despite the clear, self-authenticating evidence, in the court's own file, documenting that I had been repeatedly denied notice and opportunity to be heard. She then sanctioned me $12,657.25.

119. On 6/1/21, I filed a Statement to Disqualify Hendrickson for bias pursuant to California Civil Procedure 170.3(c)(1).

120. On 6/11/21, I sent Presiding Judge Zayner a complaint about Aeschleman's fraudulent ex parte filings with the court.

III. STATEMENT OF CLAIM FACTS ATTACHMENT TO PRO SE 1983 COMPLAINT

121. On 6/14/21, I filed a Declaration of Facts constituting contempt against Aeschleman for filing a fraudulent ex parte motion with the court.

122. On 6/17/21, I filed a Notice of Appeal for the order that came out of the 2/1/21 hearing.

123. On 6/18/21, Hendrickson filed an Order Striking her own disqualification in violation of the civil procedure.

124. On 6/30/21, I filed a Request to Waive Court fees.

125. On 7/1/21, a stipulation was filed outlining summer break visitation.

126. On 7/6/21, Judge Blecher denied my fee waiver request.

127. On 7/15/21, Hendrickson stuck my second attempt to disqualify her in violation of the civil procedure.

128. On 7/23/21, Aeschleman filed another fraudulent ex parte.

129. On 7/26/21, I filed a second Declaration of Facts constituting contempt against Aeschleman for filing yet another fraudulent ex parte with the court.

130. On 7/28/21, I filed an emergency ex parte order requesting a restraining order disallowing Aeschleman to file any more ex parte motions pending further order of the court. I also asked for an emergency order directing the clerk to give a copy of the register of actions for my case. Concurrently, I filed a motion for an order to show cause RE: the two statements of contempt I filed against Aeschleman. Judge Kuhnle denied the emergency orders. Judge Kuhnle set my motion for hearing on 8/11/21.

131. On 8/5/21, I filed a Petition for Writ of Mandate on the issue of Hendrickson striking her own disqualification.

132. On 8/9/21, the 6th DCA denied my request for a fee waiver and did not tell me why.

133. On 8/11/21, Judge Kuhnle did not appear, instead Judge Blecher presided. Belcher admitted to not having read my filings.

134. On 8/11/21, Blecher refused to issue a Statement of Decision claiming she didn't have to at a law and motion hearing.

135. On 8/11/21, Blecher refused to follow the procedure outlined in Family Code 7605 for need based attorney fees.

136. On 8/11/21, Aeschleman lacked candor with the court when he tried to rely on the partially mediated agreement filed on 9/19/19 as the basis for why Warneck was the primary custodian of the children during the school year when he knew he had conspired with Hayashi **to void and alter the agreement without my consent.**

137. On 8/11/21, over my repeated objections, Blecher allowed Aeschleman to testify.

138. On 8/11/21, I objected to declarations filed by Aeschleman and Warneck for violations of the court rules on admissible declarations. Blecher overruled the objections.

139. On 8/11/21, I objected to the court's attempted enforcement of a temporary move away as a violation of California law and the due process clauses of the state and federal constitutions.

140. On 8/11/21, I raised the issue of the repeated due process violations and unnoticed motions, and I demanded a trial if Aeschleman wanted to dispute the procedural history of the case.

141. On 8/11/21, Blecher continued my restraining order request on ex parte filings and my OSC for contempt to 10/5/21.

142. On 8/11/21, Belcher continued my request for access to my court file until 10/5/21.

143. On 8/11/21, Blecher order another illegal temporary move-away demanding that I return my kids into abduction on 8/22/21.

- 8 -

## III. STATEMENT OF CLAIM FACTS ATTACHMENT TO PRO SE 1983 COMPLAINT

144. On 8/23/21, at midnight, I filed a Statement to Disqualify Blecher for bias, and to provoke a written response from her given her refusal to issue a statement of decision.

145. On 8/23/21, Blecher signed a FOAH sent to her ex parte by Aeschleman in violation of California Rule of Court 5.125. She signed it after she lost jurisdiction due to my statement to disqualify her.

146. On or about 8/24/21, Aeschleman filed yet another fraudulent ex parte with the court. Judge Kuhnle, who had never presided at a hearing in this case, stripped me of all legal and physical custody of my children without any notice whatsoever.

147. On 8/31/21, Blecher struck her own disqualification. In the order, she fabricated an agreement I never made.

148. On 9/7/21, Nevada Attorney General Agents came to my door to discuss the secret orders that Kuhnle signed on 8/24/21. I told them that I had not been served with anything.

149. On 9/20/21, Kuhnle continued the Santa Clara court's pattern and practice of allowing Aeschleman to testify and entertaining inadmissible declarations over my objections and in violation of the court rules.

150. On 9/20/21, Kuhnle did not want to let me argue Aeschleman's fraud on the court. I objected, and reminded Kuhnle about the repeated fraudulent ex parte motions.

151. On 9/20/21, I reminded Kuhnle that I had two pending contempt actions against Aeschleman for filing fraudulent ex parte motions.

152. On 9/20/21, Kuhnle refused to issue a Statement of Decision despite me citing the mandate in Family Code 3022.3.

153. On 9/20/21, Kuhnle refused to obey Family Code 7605 relating to need based attorney fees.

154. On 9/20/21, Kuhnle refused to set an evidentiary hearing.

155. On 9/20/21, I testified about Hayashi signing the secret order sent to her ex parte by Aeschleman as well as Aeschleman's other frauds upon the court.

156. On 9/20/21, I testified about Blecher falsifying an agreement I never made in her order striking her own disqualification.

157. On 9/20/21, I objected about the court's refusal to waive fees.

158. On 9/20/21, Kuhnle solicited Aeschleman to email him a pre-drafted order.

159. On 9/20/21, I objected to the proposed order on due process grounds.

160. On 9/20/21, Kuhnle made several edits to the order and then signed it.

161. On 9/20/21, I moved Kuhnle to stay the order, but he denied the stay.

162. On 9/20/21, I moved Kuhnle for an order granting me access to my court file; he refused.

163. On 9/20/21, Kuhnle ordered me to return my children into abduction based solely on the unnoticed and fraudulent assertions of Aeschleman.

164. On 9/20/21, El Dorado County, CA District Attorney Investigator Rich Horn witnessed the hearing. He subsequently filed a fraudulent investigative report in which he concealed my whole history with him, all the exculpatory evidence I had given him, and what he witnessed at this hearing.

165. On 9/23/21, the 6th DCA denied my Writ Petition RE: Hendrickson's disqualification.

166. On 9/24/21, El Dorado Deputy District Attorney Brittany Griffith applied for a warrant for my arrest. She withheld from the judge my two year history with her office, and all the exculpatory evidence I supplied them, including mounds of evidence of Aeschleman's frauds on Santa Clara Superior Court.

- 9 -

III. STATEMENT OF CLAIM FACTS ATTACHMENT TO PRO SE 1983 COMPLAINT

167. On 9/27/21, I filed a Petition for Review RE: Hendrickson's disqualification and an emergency stay request with the California Supreme Court.

168. On 9/27/21, the California Supreme Court denied my fee waiver request and did not tell me why.

169. On 9/29/21, Nevada Attorney Agents Dave Monroe and Gina Lovero orchestrated my arrest on the California warrant that they knew had been obtained by fraud.

170. On 10/4/21, the California Supreme Court denied my Petition for Review and for an emergency stay.

171. On 10/15/21, Griffith sent me letter telling me how to avoid a warrant being issued.

172. On 10/18/21, I sent the California Supreme Court a letter asking for an explanation on the fee waiver denial.

173. On 10/21/21, the California Supreme Court responded and refused to explain the fee waiver denial or give me a chance to cure.

174. On 12/1/21, I moved Hendrickson for an order granting me remote access to my court file. She refused.

175. On 3/16/22, I filed a motion with the 6th DCA asking it to vacate its order denying me a fee waiver or to explain why it was denied. I also asked for an order granting me access to my superior court file, so that I could prepare an appellate brief.

176. On 5/3/22, Hendrickson labeled a vexatious litigant without notice and opportunity to be heard.

177. On 7/27/22, I wrote to the Presiding Justice of the 6th DCA and requested permission to appeal Hendrickson's vexatious litigant order. I also requested a ruling on the motion filed on 3/16/22 in another appeal.

178. On 8/11/22, the 6th DCA denied my motion to vacate the fee waiver denial and refused to explain why. The appellate court also refused to issue an order granting me access to my superior court file, but invited me to file a Writ Petition (for another $800).

179. On 9/19/22, the 6th DCA dismissed one of pending appeals for failure to obtain the record on appeal despite know that I had no access to my court file.

180. On 10/7/22, the 6th DCA dismissed my other pending appeal for failure to file an appellate brief despite knowing that I had no access to my court file.

181. On 10/5/23, Hendrickson issued a sua sponte order revoking her order labeling me a vexatious litigant, and admitting she has denied me due process. It is unclear why. Her order stated her alleged desire to provide me with due process, and she set a hearing, which was then continued to 12/12/23.

182. As of 12/6/23, I still do not have access to my court file, and cannot defend myself from Aeschleman's frauds and the court's conspiracy to deprive me of rights.